# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE LITTLE REALTY COMPANY, LLC, | Case No. 2:16-cv-00177 |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| v. | |
| PVR UTICA GAS GATHERING, LLC, ET AL., | |
| Defendants | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Dismissal of Defendant Sheehan Pipe Line Construction Company. To date, no parties have indicated opposition to this Motion. For the reasons stated below, Plaintiff's Motion is **GRANTED**. All claims against Defendant Sheehan are **DISMISSED** and Defendant Sheehan is hereby **TERMINATED** as a party.

### I. BACKGROUND[1]

On or about December 11, 2013, Plaintiff granted an easement on the premises to Defendant PVR Utica Gas Gathering ("PVR") for the purposes of installing one or more below-ground gas pipelines. (EFC No. 2 at ¶ 12). On or about April 13, 2015, Plaintiff and Defendant Ohio River System entered into a Surface Use Agreement by which Plaintiff granted Defendant Ohio River System additional temporary workspace on the surface of the Premises. (*Id.* at ¶ 14). On or about July 9, 2015, Plaintiff and Defendant Regency Utica Gas Gathering ("Regency") and/or Defendant Ohio River System entered into an Amendment and Ratification of Surface Use Agreement in order to amend the area subject to the Surface Use Agreement. (*Id*. at ¶ 15).

---

[1] For the purposes of this Motion, the facts alleged in the Complaint are taken to be true.

During the construction of the natural gas pipeline, the Defendants, individually or collectively, caused or failed to prevent the excavated soil from sliding down a slope to the east of the Premises, resulting in the excavated soil covering undisturbed soil outside of the Premises subject to the initial easement. (*Id.* at ¶¶ 19, 21). Plaintiff sought compensatory damages attributable to breach of contract, attorney's fees and costs incurred, and all other just and proper relief from Defendants, PVR, Regency, and Ohio River System. (*Id.* at ¶ 31).

Plaintiff also sought relief from Defendant Sheehan Pipe Line Construction Company ("Sheehan"), including damages suffered due to Sheehan's negligence, costs and attorney's fees, and other just and proper relief. (*Id.* at ¶ 35). According to Plaintiff, Defendant Sheehan owed a duty to exercise reasonable care to design, construct, and install the natural gas pipeline on the Premises properly and restore and grade Plaintiff's Premises to its condition prior to the aforementioned displacement of soil. Plaintiff alleges that Defendant Sheehan failed to do so properly and thus breached its duty to Plaintiff. (*Id.* at ¶¶ 33, 34).

On April 15, 2016, Sheehan filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Oklahoma. (EFC No. 14 at ¶ 3). On December 30, 2016, the Sheehan Pipe Line Liquidating Trust ("the Trust") became the successor to Sheehan, with all of Sheehan's assets transferred to the Trust. (*Id.* at ¶ 6). On December 8, 2017, Plaintiff and the Trust entered into a Settlement Agreement and Mutual Release, whereby Plaintiff settled its claims against Sheehan, only, and reserved the right to proceed against all other Defendants (Regency, PVR, and Ohio River System) ("Regency Defendants"). (*Id.* at ¶ 7).

On December 20, 2017, Counsel for the Plaintiff contacted Counsel for the Regency Defendants to determine whether Regency Defendants were opposed to the relief requested in

this Motion. Plaintiff's Counsel has yet to receive a response from the Regency Defendants' Counsel. (*Id.* at ¶ 8).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 21 allows the court "[o]n motion or on its own" to "add or drop a party" "at any time, on just terms." Fed. R. Civ. P. 21. *See also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("We think that [Rule 21] is the [rule] under which any action to eliminate . . . a party should be taken."). Federal Rule of Civil Procedure 19(a)(1) provides, in relevant part, that a person or entity must be joined as a party if:

(A) In that person's absence, the court cannot afford complete relief among existing parties; or

(B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)     As a practical matter impair or impede the person's ability to protect the interest; or

(ii)    Leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest

Fed. R. Civ. P. 19(a)(1)(A)-(B)(i)&(ii).

Federal Rule of Civil Procedure 19(b) provides criteria by which to determine whether a party is *indispensable* to a suit, rather than merely necessary. *PaineWebbar, Inc. v. Cohen*, 776 F.3d 197, 202 (6th Cir. 2001). The court must first determine the extent to which "a judgment rendered in the person's absence might be prejudicial to the person or those already parties" to the action. *Id.* (*quoting* Fed. R. Civ. P. 19(b) (internal quotations omitted)). Next, the court must determine whether it might be able to reduce or avoid prejudice "by protective provisions in the judgment, by the shaping of relief, or other measures." *Id.* Third, the court must consider whether "a judgment rendered in the person's absence will be adequate." *Id.* Finally, the court

must assess "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id.*

### III. ANALYSIS

As stated, Counsel for the Plaintiff contacted Counsel for the Regency Defendants on December 20, 2017 to determine whether Regency Defendants were opposed to the relief requested in the Motion. Specifically, Plaintiff's Counsel inquired about whether Regency Defendants were opposed to the dismissal of Sheehan. To date, Plaintiff's Counsel has yet to receive a response from the Defendants' Counsel, and no objections to the instant motion have been filed.

The Court finds that Plaintiff will receive an adequate judgment in spite of Sheehan's absence and Sheehan is not an indispensable party. Due to Sheehan's bankrupt status and the fact that Plaintiff settled its claim against Sheehan, Sheehan is no longer needed to remain in the suit in order to secure an "adequate judgment" per Fed. R. Civ. P. 19(b). Because Sheehan has declared bankruptcy, it is not in a position to provide additional relief that could make Plaintiff whole. Additionally, Sheehan has settled with Plaintiff through the Trust, with Plaintiff's consent. Thus, Sheehan's dismissal will not change the amount of relief received by Plaintiff, as the two parties have already settled. The adequacy of the judgment will not be altered by dismissing Sheehan.

Further, this Court has held that a party's status as a joint tortfeasor is not sufficient to establish the party as necessary under Fed. R. Civ. P. 19(a). *Reineke v. Antero Resources Corp.*, No. 2: 16-cv-797, 2018 WL 264523 at *2 (S. D. Ohio Jan. 2, 2018). Finally, the Court finds that dismissing Sheehan will not prejudice any existing party. Because Sheehan and the Plaintiffs

have settled, and no existing parties will be prejudiced by Sheehan's absence, Sheehan is no longer necessary to afford "complete relief" as required by Fed. R. Civ. P. 19(a).

The Regency Defendants' lack of objections to the Motion, coupled with the considerable discretion afforded to judges via Federal Rule of Civil Procedure 21, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 829, 832 (1989); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961), supports the conclusion that the Motion to Dismiss All Claims Against Sheehan ought to be granted. Accordingly, this Court **GRANTS** Plaintiff's Motion under Rule 21.

## IV. CONCLUSION

Plaintiff's Motion to Dismiss All Claims Against Defendant Sheehan Pursuant to Federal Rule of Civil Procedure 21 is hereby **GRANTED**. All claims against Defendant Sheehan are **DISMISSED** and Defendant Sheehan is hereby **TERMINATED** as a party.

**IT IS SO ORDERED.**

                                                  **/s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated: June 25, 2018**